### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTINE A. STEYER AND MARTIN L. POOCK, <br><br>    Plaintiffs, <br><br>       v. <br><br>LYRIC OPERA OF CHICAGO <br><br>    Defendant. | File No.: 1:17-CV-06014 <br><br> Honorable Judge John J. Tharp |

### DEFENDANT LYRIC OPERA OF CHICAGO'S
### MOTION FOR SUMMARY JUDGMENT

Defendant, Lyric Opera of Chicago ( hereinafter referred to as "Lyric") by and through its attorney, Stephanie A. Cantrell of Schueler, Dallavo & Casieri, and pursuant to Fed. R. Civ. P. Rule 56, brings this Motion for Summary Judgment. In support of its motion, Lyric states as follows:

    1.    Lyric is entitled to summary judgment because there is no genuine issue of material fact and the Defendant is entitled to judgement as a matter of law. FED. R. CIV. P. 56(c).   2.

There is no direct evidence of age discrimination and Plaintiffs are unable to establish a *prima facie* of age discrimination using the burden shifting approach under *McDonnell Douglas*. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 716 (7th Cir. 1999); *Herrnreiter v. Chicago Hous. Authority*, 315 F.3d 742, 744-45 (7th Cir. 2002); *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006); *Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060, 1070 (7th Cir. 2012); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995).

    3.    Even if Plaintiffs were to establish a prima *facie case* of age discrimination, Lyric

has articulated legitimate, nondiscriminatory reasons for each of its actions and Plaintiffs cannot establish that those reasons are pretext for unlawful discrimination. *See Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003); *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416 (7th Cir. 2006); *Wolf v. Buss (America), Inc.*, 77 F.3d 914, 919-920 (7th Cir. 1996).

4. Plaintiffs have not shown, and cannot show, that age was the determinative factor in Lyric's decision not to reengage them in the Core Supplementary Chorus for the 2016-17 season as required to support an age discrimination claim under the Age Discrimination in Employment Act. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009).

WHEREFORE, for the reasons set forth herein and in the supporting Memorandum of Law, Defendant Lyric Opera of Chicago respectfully requests that this Court grant its Motion and enter an Order granting summary judgment in favor of Defendant and against Plaintiffs on all counts.

Dated: November 25, 2019

Respectfully submitted,

LYRIC OPERA OF CHICAGO

 /s/ Stephanie A. Cantrell
An Attorney for Defendant

Stephanie A. Cantrell
Schueler, Dallavo & Casieri
233 S. Wacker Dr., Suite 5230
Chicago, Illinois 60606
(312) 831-1090
stephanie.cantrell1@sdc-atty.com
ARDC: 6228963

## CERTIFICATE OF SERVICE

       Nicole Soraghan, a non-attorney, certifies that a copy of the foregoing Lyric Opera of Chicago's Motion for Summary Judgment was served upon Plaintiffs by electronic mail to their counsel at the address below on this November 25, 2019.

Chiquita Hall-Jackson, Esq.
Hall-Jackson & Associates P.C.
180 W. Washington St., Suite 820
Chicago, IL 60602
Office: 312-255-7105
Fax: 312-940-8925
chj@hall-jacksonandassociates.com

                                                      /s/ Nicole Soraghan
                                                      Paralegal

Stephanie A. Cantrell
Schueler, Dallavo & Casieri
233 S. Wacker Dr., Suite 6150
Chicago, Illinois 60606
(312) 831-1090
stephanie.cantrell1@sdc-atty.com