**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE A. STEYER AND MARTIN L. POOCK, | |
| Plaintiffs, | |
| v. | File No.: 1:17-CV-06014 |
| LYRIC OPERA OF CHICAGO | |
| Defendant | |

## NOTICE OF FILING

TO:      Christine Steyer              Martin L. Poock
                245 Washington Blvd, 1B    2137 North Spaulding, Unit 1
                Oak Park, IL 60302           Chicago, IL 60647

      **YOU ARE HEREBY NOTIFIED** that pursuant to the provisions of the Rules of the United States District Court for the Northern District of Illinois, we have on October 31, 2017, filed **ANSWER TO COMPLAINT**, copies of which are attached hereto and served upon you.

                                      Stephanie A. Cantrell

Schueler, Dallavo & Casieri
233 South Wacker Drive, Suite 6150
Chicago, Illinois 60606
(312) 831-1090
scantrell@sdc-atty.com

## CERTIFICATE OF SERVICE

      The undersigned, Stephanie A. Cantrell an attorney, hereby certifies that she served the above described documents by mailing a copy to the above-named persons at the above-stated mailing addresses on or before 5:00 pm from 233 S. Wacker Drive, Suite 6150, Chicago, Illinois with proper postage prepaid this **31**[st] day of **October 2017**.

                                        Stephanie A. Cantrell

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE A. STEYER AND MARTIN L. POOCK,

    Plaintiffs,

        v.

LYRIC OPERA OF CHICAGO

    Defendant.

Case No.: 1:17-CV-06014

ANSWER TO COMPLAINT

NOW COMES the Defendant, LYRIC OPERA OF CHICAGO (hereinafter "Lyric"), by and through their attorney, Stephanie Cantrell of Schueler, Dallavo & Casieri, and for in Answer to Plaintiffs CHRISTINE A. STEYER AND MARTIN L. POOCK'S Complaint of Employment Discrimination, states as follows:

1. This is an action for employment discrimination.

**ANSWER:** **Defendant admits that this is an action for employment discrimination, but denies such allegations.**

2. The plaintiffs are Christine Steyer and Martin L. Poock of the county of Cook in the state of Illinois.

**ANSWER:** **On information and belief, Defendant admits the allegations in Paragraph 2.**

3. The defendant is Lyric Opera of Chicago, whose street address is 20 N. Wacker, (city) Chicago (county) Cook (state) Illinois (zip) 60606 (Defendant's telephone number) 312-332-2244.

**ANSWER:    Admitted.**

4.  The plaintiffs are employed by the defendant at 20 N. Wacker Drive, Chicago, Illinois.

**ANSWER:    Admitted.**

5.  The plaintiffs were hired and are still employed by the defendant.

**ANSWER:    Admitted.**

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) Oct, (day)_____, (year) 2015.

**ANSWER:    Defendants deny discriminating against the Plaintiffs at any time.**

7.  1 (a) The defendant is not a federal governmental agency, and the plaintiffs have filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following agencies: (i) the United States Equal Employment Opportunity Commission, on or about Jan 22 2016.   (b) If charges were filed with an agency indicated above, a copy of the charge is attached.  Yes.  It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:    Defendants admit that it is not a federal governmental agency and that the plaintiffs have filed charges with the Equal Employment Opportunity Commission. Defendants also admit, on information and belief, that it is the policy of both the Equal**

**Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency. Defendants lack information sufficient to form a belief as to the remaining allegations and therefore deny the same.**

8.  (b) The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiffs on 5/26/17 (Christine Steyer) 6/02/17(Martin L. Poock), a copy of which notice is attached to this complaint.

**ANSWER:    Defendant lacks information sufficient to form a belief as to when the Plaintiffs received a right to sue notice but admit that notices were issued by the Equal Employment Opportunity Commission in each case.**

9.  The defendant discriminated against the plaintiffs because of the plaintiff's (a) Age (Age Discrimination Employment Act).

**ANSWER:    Denied.**

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color or national origin (42 U.S.C. §1983).

**ANSWER:    Defendant is not a governmental agency and therefore the allegations in Paragraph 10 do not apply.**

11. Jurisdiction over the statutory violation alleged in conferred as follows:  for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42

U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for

the Rehabilitation Act, 29 U.S.C. §791.

**ANSWER:    Defendant admits that this Court has jurisdiction.**

12. The defendant (h) demotion: defined as reduction in rank, status, hours and hourly pay.

**ANSWER:    Defendant denies Paragraph 12 as written.   Answering further, Defendant admits that after auditions, Plaintiffs were re-hired in the Supplementary Chorus, resulting in a reduction in hours and pay.**

13. The facts supporting the plaintiff's claim of discrimination are as follows: Christine

Steyer (age 49) and Martin L. Poock (42) are singers who, due to their significant years

of service, were employed by Lyric Opera of Chicago (the Lyric) in the upper pay levels

in Lyric Opera of Chicago's Core Supplementary Chorus.  In or around October of 2015,

the Lyric demoted the Plaintiffs from their positions in the Core Supplementary Chorus

to the Supplementary Chorus because of their age, resulting in a significant reduction in

their hourly and per performance rates (about 10.5%) as well as a significant reduction in

the number of operas productions in which they appeared (about an 80% reduction in the

2016-17 season alone).  The Lyric replaced by Steyer and Poock with younger, less

experienced and less costly singers.  The Lyric stated their reasons for Steyer and

Poock's demotions as being a lack of specific vocal qualities and "wanting to go in a

different direction."  The Plaintiffs contend these reasons are false due to comparative

good reviews in previous years, and in comparison to other Core Supplementary

Chorister reviews at the time, as well as no indication that job performance needed to

improve or else face demotion or non-reengagement, although there were ample

opportunities available for the Chorus Master to raise such concerns.

**ANSWER:** **Defendant admits that both Plaintiffs were hired in the Supplemental Chorus**

**for the 2016 season based in part on their specific vocal qualities, but denies the remaining**

**allegations in Paragraph 13.**


14. Defendant knowingly, intentionally, and willfully discriminated against the plaintiffs.

**ANSWER:** **Denied.**


15. The plaintiffs demand that the case be tried by a jury.

**ANSWER:** **Admitted.**


16. Therefore, the plaintiffs asks that the court grant the following relief to the plaintiffs: (c)

Direct the defendant to promote the plaintiffs, (g) If available, grant the plaintiff

appropriate injunctive relief, lost wages, liquidated/double damages, front pay,

compensatory damages, punitive damages, prejudgment interest, post-judgment interest,

and costs, including reasonable attorney fees and expert witness fees; (h) grant such other

relief as the Court may find appropriate.

**ANSWER:** **Defendant denies that plaintiffs are entitled to any relief whatsoever.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims involve transactions or events or seek damages for periods of time outside the applicable statutory periods, Plaintiff's claims are barred.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims relate to persons or matters which were not made the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or were not investigated or conciliated by the EEOC, Plaintiff's claims are barred under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq as amended for failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent they have failed to mitigate fully alleged damages or other losses required by law.

Defendant reserves the right to assert such other defenses as supported by legal doctrines that are revealed through discovery.

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment in their favor and against the plaintiffs on all counts asserted in the Complaint and grant such other relief as the Court deems just and proper.

Respectfully submitted,

LYRIC OPERA OF CHICAGO

_____

By: Stephanie A. Cantrell,
Attorney for Defendant

Stephanie A. Cantrell
Schueler, Dallavo & Casieri
233 South Wacker Drive, Suite 6150
Chicago, Illinois 60606
(312) 831-1090
scantrell@sdc-atty.com
Attorney No: 6228963